IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-280

No. COA21-117

Filed 3 May 2022

Watauga County, No. 15CVS628

APPALACHIAN MATERIALS, LLC, Petitioner,

v.

WATAUGA COUNTY, a North Carolina County, Respondent,

and

TERRY COVELL, SHARON COVELL, and BLUE RIDGE ENVIRONMENTAL DEFENSE LEAGUE, INC., d/b/a HIGH COUNTRY WATCH, Intervenors.

Appeal by Respondent from order entered 31 August 2020 by Judge Gary M. Gavenus in Watauga County Superior Court. Heard in the Court of Appeals 16 November 2021.

*Moffatt & Moffatt, PLLC, by Tyler R. Moffatt, for Petitioner-Appellee.*

*Di Santi Watson Capua Wilson & Garrett, PLLC, by Chelsea Bell Garrett, for Respondent-Appellant.*

DILLON, Judge.

¶ 1 This matter concerns the denial by the Respondent Watauga County (the "County") of an application submitted by Petitioner Appalachian Materials, LLC, for a permit to build an asphalt plant. This appeal is the second in this matter. The

opinion in the first appeal can be found at *Appalachian Materials, LLC v. Watauga County*, 262 N.C. App. 156, 822 S.E.2d 57 (2018) (hereinafter "*Appalachian I*").

¶ 2        In the first appeal, we held that the trial court erred by affirming the County's denial of the permit based on *one* of the grounds relied upon by the County in its decision.  The issue in this second appeal concerns whether Judge Gavenus on remand erred by ordering the issuance of the permit without considering the County's *other* grounds for denying the permit, grounds which were not previously considered by the trial court or by our Court in the first appeal.

I. Background

¶ 3        In 2015, Petitioner applied for a permit to construct an asphalt plant.  That same year, the County denied the permit *on several grounds*.  In 2017, the Superior Court affirmed the County's decision on the ground that the proposed plant would be too close to an educational facility, without considering the merit of the other grounds.

¶ 4        In the first appeal, Petitioner contended that the nearby building was not an "educational facility" within the meaning of the applicable ordinance.  The County contended that the Superior Court ruled correctly but, otherwise, did not exercise its right under Rule 10(c) of our Rules of Appellate Procedure to ask our Court to consider the other grounds upon which the County initially denied the permit.

¶ 5        In any event, we agreed with Petitioner that the nearby building was *not* an educational facility and, therefore, that its permit application should not have been

denied on that basis. In our mandate, we "reversed" the Superior Court order and remanded the matter "for proceedings not inconsistent with this opinion." Our Supreme Court subsequently denied discretionary review. *Appalachian Materials, LLC v. Watauga Cty.*, 372 N.C. 108, 824 S.E.2d 419 (2019) (mem.).

¶ 6 On remand, Judge Gavenus refused to consider the County's other grounds for denying the permit, concluding that he was compelled to order the issuance of the permit based on our mandate in *Appalachian I.* The County timely appealed.

## II. Analysis

¶ 7 The County argues that Judge Gavenus erred by ordering the issuance of the permit without first considering the alternate grounds it relied upon in denying Petitioner's application which were never considered in the first appeal.

¶ 8 It is true that our Supreme Court has explained that an appellee does not waive future consideration of alternative legal grounds by failing to ask our Court to consider them under Rule 10(c), disavowing a contrary holding of our Court:

> [W]e disavow that holding in order to avoid confusion in subsequent cases. Simply put, nothing in the relevant provisions of the North Carolina Rules of Appellate Procedure or any of our prior cases requires an appellee to challenge legal decisions that the trial court declined to make on the grounds that the case could be fully resolved on some other basis on appeal pursuant to Rule 10(c) of the North Carolina Rules of Appellate Procedure at the risk of losing the right to assert those claims at a later time.

*City of Asheville v. State*, 369 N.C. 80, 87 n. 11, 794 S.E.2d 759, 766 n. 11 (2016).

¶ 9        But our Supreme Court has also held that a trial court is compelled to follow the mandate of our Court. *See In re S.M.M.,* 374 N.C. 911, 914, 845 S.E.2d 8, 11 (2020) ("It is well established that the mandate of an appellate court is binding upon the trial court and must be strictly followed without variation or departure. No judgment other than that directed or permitted by the appellate court may be entered." (internal quotation marks and brackets omitted)).

¶ 10        And we construe our mandate in *Appalachian I* to direct the Superior Court to order the issuance of the permit. For instance, just prior to the Conclusion section, we expressly held that the Superior Court erred in affirming the County's denial:

> Accordingly, we hold that the trial court erred in affirming
> the Board's decision to uphold the denial of Appalachian's
> permit application.

*Appalachian I*, 262 N.C. App. at 164, 822 S.E.2d at 63. We could have held that the Superior Court merely erred by agreeing with the County that the nearby facility was an educational facility, thus allowing the court on remand to consider the County's other grounds for denying the application. But we did not. Also, we ended our opinion with the word "REVERSE" rather than "VACATE". *See, e.g., Carolina Mulching Co. v. Raleigh-Wilmington Inv'rs II, LLC*, 272 N.C. App. 240, 250, 846 S.E.2d 540, 547 (2020) (Dillon, J., dissenting) (discussing the difference between "vacate" and "reverse"), *aff'd*, 378 N.C. 100, 2021-NCSC-79. In sum, our mandate that the court on remand act "consistent with [our] opinion," an opinion which held that the court

had previously erred in affirming the denial of the permit, and that we were reversing (rather than vacating) the trial court's order, expresses our intent that on remand the Superior Court was to direct the County to issue the permit.

¶ 11   It may be that our mandate in *Appalachian I* was too sweeping based on the language quoted above from our Supreme Court's *City of Asheville* opinion. But our prior mandate is the law of the case. The County could have asked us to reconsider our mandate in the first appeal. The County could have presented this issue in its petition to our Supreme Court for discretionary review. But the County did neither.[1]

¶ 12   We, therefore, conclude that the Superior Court had no choice but to order the issuance of the permit based on our mandate in *Appalachian I*.

AFFIRMED.

Judges MURPHY and GORE concur.

---

[1] The County's petition to our Supreme Court for discretionary review of *Appalachian I* only presents the issue whether we were correct on the definition of "educational facility."